ALLIANCE-HOLT DYE WORKS, INCORPORATED, and TEXTILE BANKING COMPANY, INCORPORATED, complainants-appellants,

*v.*

HENRY H. FREUND, defendant-respondent.

[Submitted May term, 1928.  Decided October 15th, 1928.]

An injunction, *held* not to lie to restrain the prosecution by the respondent of an action at law to recover payment for services rendered and money expended for the complainant, where the only issues in the action at law were whether the plaintiff was in the employ of the defendant and whether he had been paid for his services and had made the advances for which recovery was sought.

---

On appeal from a decree advised by Vice-Chancellor Fallon, dismissing complainants' bill of complaint for want of equity.

*Messrs. McDermott, Enright & Carpenter,* for the appellants.

*Messrs. Lichtenstein, Schwartz & Friedenberg (Julius Lichtenstein,* of counsel), for the respondents.

The opinion of the court was delivered by

KALISCH, J.

A bill was filed in the court of chancery by the complainants to restrain the defendant-respondent, who had brought an action at law against the Alliance-Holt Dye Works, Incorporated, co-complainant in the bill filed in this cause, from prosecuting his action against it.

The record discloses that the defendant-respondent is plaintiff in an action at law, brought by him in the New Jersey Supreme Court, the venue being laid in Hudson county, against the Alliance-Holt Dye Works to recover the reasonable value of the services rendered by him from the 17th day of September, 1920, to the 16th day of May, 1923, while in the employ of said company, and also to recover the sum of $5,250, which the plaintiff alleges he laid out at the request of the said company in the purchase of two automobiles, and for which outlay the said company promised and agreed to reimburse the plaintiff.

The complaint filed in the action at law against the said Alliance-Holt Dye Works, as defendant, contained four counts: The first count alleges that the plaintiff, Freund, was employed on September 17th, 1920, by the defendant company, to take full charge and management of the company's dye works, and that the company promised and agreed to pay to the plaintiff proper and reasonable compensation for the work performed by him; that the plaintiff remained in the employ of said company from September 17th, 1920, till May 16th, 1923, at which time his services being deemed to be no longer required or necessary, the defendant company requested him to resign; that the defendant company failed to carry out its promise and agreement and refused to make reasonable and proper compensation to the plaintiff for the services rendered by him, by reason of which failure so to do, he claims damages in the sum of $50,000, with interest from the 16th day of May, 1923, and costs of suit.

The second count is founded on the allegation that the plaintiff laid out the sum of $5,250 for the purchase of two

automobiles, at the request of the defendant company, for which sum it promised and agreed to reimburse the plaintiff, and which it failed to do.

The third count is like the first, and the fourth like the second.

In its answer to the plaintiff's complaint, the defendant, in substance, denies the plaintiff's allegations therein; denies that he was employed by the defendant company, &c., and denies the allegations in the plaintiff's complaint that he laid out the sum of $5,250 at the defendant company's request for the purchase of two automobiles.

As a further defense to the plaintiff's action, the defendant sets up that "it was part of the business organization of D. G. Dery, who was engaged on a very large scale in various business enterprises, connected with the manufacture, dyeing, finishing and trade in silks and other textiles and the entire capital stock was owned or controlled by said D. G. Dery;" then the pleader proceeds to state on information and belief that the plaintiff was in the general employ of Dery under a contract dated November 21st, 1919, for a term of three years, &c.

The tenor of the entire defense set up against the plaintiff's right of recovery in his action at law is to the effect that the plaintiff was not in the employ of the defendant company, but was in the employ of D. G. Dery, and that because the Textile Banking Corporation, which is one of the complainants in the suit in chancery, to restrain the prosecution of the plaintiff's action at law was unaware of the nature of the employment of the plaintiff, and because it had no knowledge of the claim which the plaintiff had against the defendant company, and had made loans to it, and as the Textile Banking Corporation is now the holder and owner of the capital stock of the defendant company given to it by the latter as security for loans made to it, the defendant company, therefore, the plaintiff cannot recover in his action at law for the services rendered by him under a contract made with the defendant company.

It is manifest that the real issues presented by the pleadings in the action at law was, and is, whether or not the plaintiff

was in the employ of the defendant company, and whether or not he had been paid for his services during the term of his employment, and whether or not he advanced the sum of $5,250 for the purchase of the two automobiles at the request of the defendant company.

The proper determination of these issues clearly presented no ground for the interposition of the court of chancery.

The case came on for a hearing before the late Vice-Chancellor Griffin, and was undisposed of at the time of his death, though it seems from a memorandum found among his effects, that he had examined the testimony, and came to the conclusion that the case was not one cognizable in a court of equity, in that every defense and every claim asserted could have been as fully set up and dealt with in a court of law as in a court of equity.

The cause was subsequently referred to Vice-Chancellor Fallon, who after giving it due consideration advised a decree, dismissing the bill of complaint, which decree is the subject-matter of appeal here.

An examination of the pleadings and of the testimony taken in the cause clearly reveals that neither the complainant's bill nor the testimony taken thereunder shows any defense set up or want of relief which cannot be adequately dealt with in a court of law, therefore the bill of complaint was properly dismissed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.